122 F.3d 1072
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Gerald Lee JOHNSTON, Plaintiff-Appellant,
and
Bryndon Lengele; Troy Newsted; Matthew Curtis, Plaintiffs,
v.
Dan JOHNSON, Superintendent SRCI; WILL Gotcher; Cupp, Seg
Capt SRCI; Gillum, Seg Sgt SRCI; Buhunger, Co,
Defendants-Appellees.
 No. 96-35570.
 United States Court of Appeals, Ninth Circuit.
 Submitted August 25, 1997.**
Decided Aug. 28, 1997.
 
 Appeal from the United States District Court for the District of Oregon Owen M. Panner, Chief Judge, Presiding
 Before: SCHROEDER, FERNANDEZ, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Gerald Lee Johnston, an Oregon state prisoner, appeals pro se the district court's summary judgment in favor of defendants on Johnston's claims under 42 U.S.C. § 1983.[1] We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo the district court's grant of summary judgment, see Jesinger v. Nevada Fed. Credit Union, 24 F.3d 1127, 1130 (9th Cir.1994), and we affirm.[2]
 
 
 3
 Johnston contends that he has demonstrated claims under the Eighth Amendment on the basis of inadequate footwear and exercise area. Johnston failed to show that a reasonable prison official could not have believed the shoes issued Johnston were constitutionally adequate. See Alexander v. City of San Francisco, 29 F.3d 1355, 1363-64 (9th Cir.1994). Consequently, we conclude that prison officials were protected by qualified immunity from his claims. See id. Johnston failed to show that the size of the area provided for prisoners to exercise was constitutionally inadequate. See Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir.1982). Johnston also failed to offer any evidence that the prison officials were aware that the slanted floor of the exercise area limited his ability to exercise. See Anderson v. County of Kern, 45 F.3d 1310, 1313 (9th Cir.), amended, 75 F.3d 448, cert. denied, 116 S.Ct. 306 (1995). Consequently, we conclude that Johnston failed to show deliberate indifference on the part of prison officials. See id.
 
 
 4
 Johnston contends that he has demonstrated claims under the Eighth Amendment on the basis of deprivation of exercise, showers, clean clothes, and meals. After de novo review of the record, we conclude that Johnston failed to show that the denial of his exercise privileges constituted a serious deprivation. See LeMaire v. Maass, 12 F.3d 1444, 1458 (9th Cir.1993). we conclude that Johnston failed to show that denials of the opportunity to shower and of clean clothes constituted a serious deprivation. See Rhodes v. Chapman, 452 U.S. 337, 347 (1981). We also conclude that Johnston failed to show that instances when the prison denied him meals as punishment for refusing to follow meal-time procedure amounted to a serious deprivation under the Eighth Amendment. See Farmer v. Brennan, 511 U.S. 825, 834 (1994).
 
 
 5
 Johnston contends that he has demonstrated claims under the Fourteenth Amendment on the basis of denial of access to the courts. Johnston failed to show a genuine issue of material fact that the inadequacies of the mini-law library, the prison paging system, prison regulations regarding inmates providing legal assistance to other inmates, or lack of indigent inmate services caused him actual injury. See Lewis v. Casey, 116 S.Ct. 2174, 2179 (1996). Finally, Johnston also failed to show a genuine issue of material fact that delays in granting him access to his personal legal property, and the confiscation of his legal materials on May 28, 1995, caused him actual injury. See id. Accordingly, the district court did not err by granting summary judgment. See Jesinger, 24 F.3d at 1130.
 
 AFFIRMED.[3]
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 The district court asked Johnston to represent three other plaintiffs, Lengele, Newsted, and Curtis, whose appeals are not before us. On appeal, Johnston purports to argue their claims. Of course, he cannot, nor could he properly represent the other plaintiffs in the district court. See Storseth v. Spellman, 654 F.2d 1349, 1355 (9th Cir.1981)
 
 
 [2]
 We may affirm the district court's holding for any reason supported by the record. See Reynolds v. County of San Diego, 84 F.3d 1162, 1166 (9th Cir.1996)
 
 
 [3]
 We do not consider the applicability, if any, of the Prison Litigation Reform Act, Pub.L. No. 104-134, 110 Stat. 1321 (1996), to this appeal